_____

No. 95-3095
_____

Cloverleaf Properties, Inc.,      *
now Leonard O'Brien,              *
                                  *
     Plaintiff - Appellant,       *
                                  *
                                  *  Appeal from the United States
     v.                           *  District Court for the
                                  *  Eastern District of Missouri.
McDonald's Corporation,           *
                                  *     **[UNPUBLISHED]**
     Defendant - Appellee.        *

_____

               Submitted:  February 15, 1996

                  Filed:  March 12, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     In 1973, a McDonald's Corporation franchisee leased property in St.
Charles, Missouri, from Cloverleaf Properties, Inc., to operate a
McDonald's restaurant.  The twenty-year lease gave the lessee options (i)
to extend the lease for four five-year extension periods, at escalating
rents; and (ii) to purchase the property for $235,000 "after exten[s]ion
of initial term of this lease or any exten[s]ion thereafter."  The original
parties to the lease later assigned the lessee's interest to McDonald's and
the lessor's interest to Leonard O'Brien, Cloverleaf's owner.


     At the end of the initial twenty-year term, McDonald's gave notice
it was exercising the option to purchase.  O'Brien then commenced this
action in state court seeking a declaratory judgment that the option to
purchase may not be exercised until the end of

the first five-year lease extension period. After McDonald's removed, the district court[1] held that the lease agreement is ambiguous concerning when the option to purchase may be exercised and heard parol evidence on that question at a bench trial. The court then credited the testimony of the lease negotiator for McDonald's, found that the parties intended "to grant McDonald's the option to purchase the property immediately after the expiration of the initial [twenty-year] term," and entered judgment affording McDonald's declaratory and specific performance relief.

On appeal, O'Brien argues that the district court erred in holding the lease agreement ambiguous and in admitting parol evidence as to the parties' intent in providing a purchase option. Instead, the court should have held that the lease grants McDonald's an option to purchase only after the expiration of the first five-year lease extension period. After carefully reviewing the record and considering the parties' contentions on appeal, we conclude that the district court correctly held that the lease agreement is ambiguous on the question at issue -- whether "after extension of the initial period" means after the start of, or after the end of, the first five-year lease extension period. Thus, the court properly heard parol evidence on this issue, and its findings of fact regarding the parties' intent are not clearly erroneous. Accordingly, we affirm. See 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE JEAN C. HAMILTON, Chief Judge of the United States District Court for the Eastern District of Missouri.